NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE ANDRX PHARMACEUTICALS, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 943

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of New York in case no. 99-CV-9887, Judge Barbara S. Jones.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before LINN, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

### ORDER

Andrx Pharmaceuticals, Inc. (Andrx) petitions for a writ of mandamus to direct the United States District Court for the Southern District of New York to vacate its orders granting, inter alia, Astra Aktiebolag et al. (Astra)'s motion for leave to supplement its complaint to include claims for monetary damages. Astra opposes.

This petition stems originally from a Hatch-Waxman suit brought by Astra to prevent Andrx from bringing to market a generic version of Prilosec®, Astra's gastric acid inhibiting drug. At the time Astra filed its complaint, the only alleged act of infringement was Andrx's filing of its Abbreviated New Drug Application (ANDA). Because Astra's only available remedy for such activity was injunctive in nature, a bench trial was held.

After a bench trial was held on some of the patent claims asserted, the court entered a Rule 54(b) judgment of infringement. The court also entered an injunction against Andrx. Andrx appealed, seeking review of the court's infringement and validity determinations. In December of 2003, we affirmed those determinations. Meanwhile, the district court completed its proceedings and issued a final judgment in favor of Astra with regard to the remaining claims. Andrx appealed and in April of 2007, we again affirmed.

After the issuance of our mandate, Astra moved for leave to file a supplemental amended complaint. Astra sought to allege additional facts and sought monetary damages relating to Andrx's manufacture of batches of its generic product for validation purposes. These validation batches were discovered close in time to the beginning of the bench trial. Andrx opposed the motion, arguing that the prior judgment and mandate rendered those claims final. Andrx further argued that allowing Astra to supplement its complaint now would be prejudicial because had the damages relief claims been tried with the equitable relief claims, Andrx would have received a jury trial on all claims.

The district court granted Astra's motion. The court explained that Astra was not barred from amending its complaint because the basis of the supplemental pleading

occurred after the filing of the original pleading. The court added that damages relief was not at issue during the bench trial and therefore was not precluded by the judgment or mandate. The court also determined that Andrx would not be unfairly prejudiced by the delay in supplementing the complaint.

A party seeking a writ of mandamus bears the burden of proving that it has no other means of obtaining the relief desired, *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

In the papers submitted, Andrx has not sufficiently demonstrated that the district court has evaded our prior mandate by allowing Astra to amend its complaint. Andrx has also not shown why it cannot effectively raise any challenge to the district court's determination to allow Astra's damages claim after an appeal from final judgment. *See generally Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed. Cir. 1992) (noting that on direct appeal, this court reviews a district court's decision to grant or deny leave to amend a complaint under the "abuse of discretion" standard). Extraordinary writs are not substitutes for appeals, even if hardship may result from delay and perhaps unnecessary trial. *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953).

Andrx cites several cases for the proposition that mandamus may issue to preserve an improperly denied Seventh Amendment right to a jury trial. Here, however, there is no right to jury trial that we can preserve by issuing mandamus. The infringement and validity trial has already occurred, and Andrx is not entitled to a jury trial on issues already tried during the bench trial on the equitable claims. *See Parklane Hosiery Co., Inc. v. Shore,*

439 U.S. 322, 331 (1979) ("'At common law, a litigant was not entitled to have a jury determine issues that had been previously adjudicated by a chancellor in equity.'"); *Katchen v. Landy*, 382 U.S. 323 (1966) (holding that a court sitting in equity is empowered to adjudicate equitable claims prior to legal claims, even though the factual issues decided in the equitable action would have been triable by the jury if the legal claims had been adjudicated first.).

Although Andrx frames its arguments as involving a Seventh Amendment right to a jury trial, its arguments appear to be in support of how it was prejudiced in the district court's decision to allow Astra leave to supplement its complaint. Again, that issue can effectively be raised on appeal after final judgment. Because Andrx has not demonstrated a right to an extraordinary writ, we deny the petition.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

| | |
|---|---|
| OCT 2 7 2010 | /s/ Jan Horbaly |
| Date | Jan Horbaly |
| | Clerk |

cc:  Claude M. Millman, Esq.
    Errol B. Taylor, Esq.
    Clerk, United States District Court for the Southern District Of New York

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

OCT 2 7 2010

JAN HORBALY
CLERK